## Case No. 629.

### In re ATLANTIC MUT. LIFE INS. CO.

[9 Ben. 337;[1]  17 N. B. R. 368.]

District Court, N. D. New York. Feb., 1878.

MARSHAL—FEES—ATTACHMENT.

An officer of a corporation instituted proceedings in its name, to have it adjudged a bankrupt. The proceedings were afterwards set aside by the court, as not having been authorized by a majority of the corporators. The marshal, having served notices, as messenger, under a warrant on adjudication, applied to the court to enforce, by an order and an attachment against such officer, the payment of the fees for the marshal's services: *Held*, that he was not entitled to such remedy, but must proceed by action.

[Cited in Mallory Manuf'g Co. v. Fox, 20 Fed. 410.].

[See The Blanche Page, Case No. 1,524. Contra, as to the payment of fees to the

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

clerk of court. Lee v. Patterson, Id. 8,198.]

[See note at end of case.]

[In bankruptcy. Heard on petition of the marshal for an order requiring payment of his fees. Denied.]

WALLACE, District Judge. The marshal of the United States moves for an order requiring Lemon Thompson, an officer of the insurance company, upon whose petition the company was adjudicated a bankrupt, to pay the fees of the marshal in executing the warrant issued in the case. After the marshal, as messenger, had served the notices required by the warrant, the adjudication of bankruptcy was set aside and the proceedings vacated, because the requisite majority of corporators had not authorized the proceeding. The marshal's bill, as claimed by him, exceeds by $300 the sum he has received, and he asks that an order for its payment be now made and enforced by attachment against the officer who instituted the proceeding.

I am not aware of any authority authorizing the remedy now asked for. No case has fallen under my observation, where any court in this state has issued an attachment at the instance of one of its officers, for the payment of fees recoverable by action of the person at whose instance they accrued. In some of the states this remedy has existed, and in such states the courts of the United States have enforced the same remedy (see Caldwell v. Jackson, 7 Cranch, [11 U. S.] 276;) but I am unable to find any theory upon which the practice can be sustained when sought to be invoked within this state. Unless authority to issue an attachment in this case can rest upon the power of the court to punish for contempt, a commitment would contravene the statute abolishing imprisonment for debt. The power of the courts of the United States to punish for contempt and to imprison for debt is substantially coextensive with that vested in the courts of this state. The power to punish for contempt is, possibly, somewhat more circumscribed than that conferred by the laws of this state, while the power conferred to imprison for debt is precisely that given by the laws of the state.

It may be said, that the court can make an order requiring the payment of the fees, and, upon refusal of the party to pay, can punish as for contempt of an order of the court. It is true, that the courts of the United States may punish as for contempt any disobedience or resistance by any person "to any lawful writ, process, order, rule, decree or command" of the court, but the power thus conferred is not to be construed as extending the authority to punish beyond that which has always inhered in courts of general jurisdiction, and does not include every order or decree which the court may see fit to make. Where the order is, in effect, a final judgment

for the payment of money, whether the proceeding in which it is made is of equitable or legal cognizance, it cannot be enforced by imprisonment, upon the theory of a contempt.

In this case the marshal has an adequate remedy by action, and to that he must resort.

[NOTE. Rev. St. § 725, limits the power of federal courts to punish for contempt to cases involving the "misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice; * * * and the disobedience or resistance by any party * * * to any lawful writ, process, order, rule, decree or command of the said courts." Section 990 provides that "no person shall be imprisoned for a debt in any state, on process issuing from a court of the United States, where, by the laws of such state, imprisonment for debt. has been or shall be abolished." In proceedings for contempt for violation of an injunction in a patent suit, the defendant was ordered to pay the costs. master's fee, and certain assessed profits by a certain day. He failed to pay the master's fees, and the profits, both of which sums were to go to the plaintiff, and was committed to prison. After two weeks, the defendant was discharged upon his own recognizance, under the poor debtor law of Massachusetts, (the state in which the proceedings arose,) and the circuit court denied complainant's petition for a recommitment. Hendryx v. Fitzpatrick, 19 Fed. 810. See, also, U. S. v. Sowles, 16 Fed. 536.]

---

ATLANTIC MUT. LIFE INS. CO., (HOLABIRD v.) See Case No. 6,587.

ATLANTIC & G. R. CO., (BRANCH v.) See Case No. 1.807.

ATLANTIC & G. R. CO., (CITY OF SAVANNAH v.) See Case No. 12,385.

ATLANTIC & G. R. CO., (JESSUP v.) See Case No. 7,299.